Filed 6/3/21  P. v. Ramirez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076349 |
| v. | (Super.Ct.No. FSB056120) |
| JONATHAN JULIAN RAMIREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bryan Foster, Judge.  Affirmed.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## I.  INTRODUCTION

Defendant and appellant Jonathan Julian Ramirez appeals from a postjudgment order denying his Penal Code[1] section 1170.95 petition to vacate his first degree murder conviction in which he aided and abetted his brother and obtain resentencing under the procedures established by Senate Bill No. 1437.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), requesting this court to conduct an independent review of the record.  In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so.  We find no error and affirm the order.

## II.  FACTUAL AND PROCEDURAL BACKGROUND[2]

During an encounter at a bar in May 2006, defendant and his brother Omar Ramirez (Omar) attacked and killed Enrique Bermudez (Bermudez), a 72-year-old man who had asked them to be more respectful to their stepfather who was with them at the bar.  Specifically, after Bermudez approached defendant and Omar and told them to be more respectful, defendant shoved Bermudez.  Bermudez fell backwards.  Defendant then began punching and kicking Bermudez in the head and upper body as he lay on the floor.  Then defendant straddled Bermudez on the ground and punched him.  Bermudez tried to fend off the blows with his hands.  Omar grabbed a bar stool and began striking

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

[2]  A summary of the factual background is taken from this court's nonpublished opinion in defendant's prior appeal, case No. E051155, which is part of the record on appeal in this case.  (*People v. Ramirez* (Nov. 7, 2011, E051155) [nonpub. opn.].)

Bermudez in the face and stomach. The assistant manager recalled that defendant and Omar hit Bermudez with bar stools for more than 20 minutes. The assistant manager and other patrons tried to intervene but were unsuccessful.

Defendant also provoked a fight with another patron Ruben Ramirez (Ruben). Omar then threw a bar stool at Ruben and attacked Ruben, hitting Ruben in the head with his hands and feet. The paramedics revived Ruben on the floor of the bar.

Defendant and Omar eventually left the bar. The assistant manager followed them outside and yelled that they had killed Bermudez. Bermudez died from multiple blunt force injuries. His injuries included a broken jaw, nose, and ribs, multiple lacerations, loose teeth, and hemorrhaging around the eyes, scalp, brain, neck, and torso.

Defendants fled to Mexico the next day. After several years, they were extradited and returned to the United States to stand trial in 2010.

A jury convicted defendant and Omar of one count of first degree murder against Bermudez (§ 187, subd. (a)) and one count of assault by means likely to produce great bodily injury against Ruben (§ 245, subd. (a)(1).) The court sentenced defendant and Omar to prison terms of four years plus 25 years to life.

Defendant subsequently appealed, mainly contending that the evidence was insufficient to establish he acted with premeditation and deliberation. On November 7, 2011, we affirmed the convictions and remanded the matter to allow the trial court to recalculate custody credits.

3

On October 28, 2019, defendant in propria persona filed a petition for resentencing pursuant to section 1170.95 and Senate Bill No. 1437.  The People opposed the petition on constitutional grounds, as well as on the merits.

The trial court held a hearing on the petition on October 16, 2020.  Following argument by the prosecutor, who asked the court to make a finding defendant was the actual killer, the court took the matter under submission.[3]  On the same day, the trial court issued a written ruling denying defendant's petition based on the ground that defendant was the actual killer and thus ineligible under Senate Bill No. 1437.  Defendant timely appealed.

## III.  DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal.  Counsel has filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the procedural background and potential arguable issues,[4] and requesting this court to conduct an independent review of the record.

---

[3] Defendant's appointed counsel was not present at the hearing.  He also belatedly filed a memorandum to the court on November 9, 2020, after the trial court had asked appointed counsel "to look into the merits" of defendant's petition for resentencing.  In that memorandum, counsel explained that defendant was not eligible for resentencing under section 1170.95 because he was the actual killer and the natural and probable consequences doctrine did not apply to this case.

[4] Appellate counsel notes the potential issues as (1) whether defendant's appointed counsel was ineffective and (2) whether the trial court erred in finding defendant ineligible for relief under section 1170.95.

As previously noted, we offered defendant an opportunity to file a personal supplemental brief, and he has not done so.  Thus, no claim of error has been raised.

Review pursuant to *Wende*, *supra*, 25 Cal.3d 436 or its federal constitutional counterpart *Anders*, *supra*, 386 U.S. 738, in which we read the entire record ourselves to search for arguable grounds for reversal, is required only in the first appeal of right from a criminal conviction.  (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537 (*Ben C.*); *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*); *People v. Thurman* (2007) 157 Cal.App.4th 36, 45; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, 1032 [*Wende*'s constitutional underpinnings do not apply to appeals from the denial of postconviction relief, and when a defendant fails to file a supplemental brief, an appellate court may dismiss the appeal as abandoned], review granted Oct. 14, 2020, S264278.)

The right to *Anders*/*Wende* review applies only at appellate proceedings where defendant has a previously established constitutional right to counsel.  (*Serrano*, *supra*, 211 Cal.App.4th at p. 500; *Ben C.*, *supra*, 40 Cal.4th at pp. 536-537.)  The constitutional right to counsel extends to the first appeal of right, and no further.  (*Serrano*, at pp. 500-501.)  The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction."  (*Id.* at p. 501.)  While a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his substantial rights (Pen. Code, §§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not

constitutional. Thus, defendant is not entitled to *Wende* review in such an appeal. (See

*Serrano*, at p. 501 [no *Wende* review for denial of postconviction motion to vacate guilty

plea pursuant to Penal Code section 1016.5].)

In any event, we find the trial court did not err in finding defendant ineligible for

resentencing under section 1170.95 because the record clearly shows defendant was the

actual killer. In addition, defendant's trial did not involve the natural and probable

consequences doctrine. Section 1170.95 and Senate Bill No. 1437 are therefore

inapplicable to defendant's murder conviction.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have

independently reviewed the entire record for potential error and find no arguable error

that would result in a disposition more favorable to defendant.

## IV. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


McKINSTER
            Acting P. J.


MILLER
                    J.


6